Dear Honorable Trent,
The Attorney General is in receipt of your request for an opinion wherein you, in effect, ask the following question:
 Does S.B. 286, 1-4, 36th Oklahoma Legislature, 2nd Session (1978), require County Commissioners to employ a licensed engineer before making any road improvements?
The pertinent provisions of S.B. 286 to which you refer have now been codified amending 69 O.S. 601 (1971) of the Oklahoma Highway Code of 1968 and further provides for improvements to county roads and county highways.
Title 69 O.S. 601 (1978) states:
 "A. The county highway system shall be composed of all public roads within any county, less any part of any road or roads which may be taken over as a state highway by the Commission; It shall be the duty of the board of county commissioners in each county to construct and maintain as county highways those roads which best serve the most people of the county. For this purpose the board of county commissioners is authorized to use any funds which are in the county highway fund, subject to statutory restrictions on the use of any of such funds, together with any money derived from any agreement entered into between the commission and the federal government, any county or any citizen or group of citizens who have made donations for that purpose. The boards of county commissioners of the various counties shall have exclusive jurisdiction over the designation, construction, and maintenance and repair of all of the county highways and bridges therein.
 "B. The board of county commissioners are hereby authorized to establish road improvement districts as provided by law for existing roads in the unincorporated areas of counties. The boards of county commissioners may also have improvements made on existing roads in unincorporated areas of counties on a force account basis."
Title 19 O.S. 1230 (1978) states:
 "Any board of county commissioners in the State of Oklahoma is hereby empowered, within the unincorporated limits of the county, to establish and change the grade of any road, street, avenue, lane, alley, or other public place, and to permanently improve the same by grading, paving, constructing, macadamizing, chatting or graveling, curbing, guttering, draining and otherwise improving the same, including the installation of the necessary manholes, catch basins, inlets drainage pipes and storm sewers with necessary connections thereto for the purpose of providing for the adequate disposition of surface water falling on such improvements or carried thereon, and to make all necessary connections, whenever the public necessity may require such improvements." (emphasis added)
Title 19 O.S. 1231 (1978) states:
 "No change of any grade previously established by such county shall be made without making due compensation to the owners of abutting property for any damage thereby caused to the permanent improvements erected thereon with reference to the grade so previously established; provided, however, that the failure to make such compensation shall in no wise invalidate such assessments on the property chargeable therewith as hereinafter provided."
Title 19 O.S. 1232 (1978) provides:
 "When the board of county commissioners shall deem it necessary to grade, pave, construct, macadamize, chat or gravel, curb, gutter, drain, or otherwise improve any road, street, alley, avenue, lane or any part thereof which shall have been heretofore established, within the unincorporated area of such county, it shall, by resolution, require the county engineer, or if there is no county engineer, contract for the services of a licensed engineer, as provided by Oklahoma Statutes, to prepare preliminary plans, showing a typical section of the contemplated improvement, showing the type or types of material, approximate thicknesses and widths and prepare a preliminary estimate of the cost of such improvement. He shall also submit an assessment plat, showing the area to be assessed. The resolution may provide for one or more types of construction, and the engineer shall separately estimate the cost of each type of construction; and estimate may be in a lump sum or by unit prices, which may seem most desirable to said engineer, for the complete improvement. The estimate shall also include the cost of advertising, appraising, engineering and such other expense as in the judgment of such engineer is necessary or essential to the completion of such work of improvement and the payment of the cost thereof; provided, however, that said engineering fees shall not exceed five percent (5%) of the contract price of such improvement. Should more than one road, street, avenue, alley, lane, public place or part thereof be included in such resolution, separate estimates as to each shall be made." (emphasis added)
Title 19 O.S. 1233 (1978) provides:
 "The board of county commissioners shall have authority to contract for the services of consulting engineers to prepare the necessary surveys, plans, plats, profiles, estimates and all other details for said work of improvements and to supervise said work. The consulting engineer may be a person, firm or corporation, resident in or outside of the State of Oklahoma, duly registered as an engineer in the State of Oklahoma. The engineer may be employed also to furnish the necessary advertising, printing, appraising, transcripts and such other expenses as may be necessary; and the county shall provide for the payment of such services and expenses from the assessments to be levied against the abutting property as part of the cost of such improvements."
A plain reading of the above provisions clearly establishes a requirement that county commissioners in the State of Oklahoma must have the advice and counsel of the county engineer or if there is no county engineer, contract for the services of a licensed engineer before making permanent road improvements within the unincorporated limits of the county. Further, this requirement also applies when improving existing roads, streets, avenues, alleys, or lanes as set forth in 19 O.S. 1255 (1978), which provides:
 "In all cases where the board of county commissioners shall deem it necessary to pave, construct, macadamize, chat or gravel, curb, gutter, drain or otherwise improve any road, street, avenue, alley, lane or any part thereof, which shall have been heretofore paved, constructed, macadamized, curbed, guttered, drained or otherwise improved, such improvement is authorized to be done under and in pursuance of the provisions of this act, and in such case all provisions of this act for making such improvements and levying assessments therefor and the issuance of bonds shall apply."
Thus, whenever any board of county commissioners deems it necessary to improve roads permanently, the board shall require the county engineer to prepare plans, estimate costs and submit assessment plats as prescribed by 19 O.S. 1232 (1978). Further, the board of county commissioners has the authority to contract for the services of consulting engineers to prepare necessary surveys, plans, plats, profiles, and estimates and all other details for said work of improvements. 19 O.S. 1233 (1978).
It is, therefore, the opinion of the Attorney General that yourquestion be answered as follows: By virtue of 69 O.S. 601 (1978) and 19O.S. 1230 — 19 O.S. 1233, 19 O.S. 1255 (1978), boards of countycommissioners must require the assistance of the county engineer or ifthere be no county engineer, contract for the services of a licensedengineer before making any permanent road improvements within theunincorporated limits of the county.
JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA
MICHAEL JACKSON, ASSISTANT ATTORNEY GENERAL